```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
TZVEE WOOD, ANDREA MALESTER,       :
                                   :
                    Plaintiffs,    :
                                   :    ORDER
        -against-                  :    08-CV-5224 (JFB)(AKT)
                                   :
GENERAL MOTORS CORPORATION,        :
ET. AL.,                           :
                    Defendants.    :
                                   :
----------------------------------X
```

JOSEPH F. BIANCO, District Judge:

On December 29, 2008, *pro se* plaintiffs Tzvee Wood and Andrea Malester filed the complaint in this action against defendants General Motors Corporation; Hempstead Lincoln-Mercury Motors Corporation; John Billard; Karp Automotive, Inc.; Dave Nicholson; Dan Gippert; and John and Jane Does 1-10 (collectively "defendants").

On October 5, 2009, defendants[1] filed a motion to dismiss the complaint. Plaintiffs filed a cross-motion to amend on December 8, 2009, which was also construed as plaintiffs' opposition. Defendants submitted their reply on January 7, 2010. By Order dated May 4, 2010, the Court referred the motion to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation.

On August 23, 2010, Magistrate Judge Tomlinson issued a Report and Recommendation (the "R&R"), recommending that this action be dismissed in its entirety, but granting plaintiffs

---

[1] As discussed more thoroughly in Judge Tomlinson's Report & Recommendation, although GM was named as a defendant in this action, the action has been stayed against GM under 11 U.S.C. § 362(a), due to GM's bankruptcy petition. Accordingly, the motion to dismiss was filed by the remaining defendants.

leave to file an Amended Complaint. The R&R further instructed that any objections to the R&R be submitted within ten (10) days of receipt. (*See* Report and Recommendation dated August 23, 2010, at 23.) As indicated by the docket sheet, a copy of the R&R was served on plaintiffs by defendants on August 24, 2010. (*See* docket entry [50].) No objections have been filed to date, although the date for filing any objections has expired.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety. Even under a *de novo* standard, the Court adopts the R&R in its entirety. Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss the complaint is granted in its entirety. IT IS FURTHER ORDERED that plaintiffs' cross-motion to amend is granted, and plaintiffs are granted leave to re-plead by filing an Amended Complaint within thirty (30) days of the date of this Memorandum and Order. A copy of this Order has been mailed to *pro*

*se* plaintiffs.[2]

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2010
      Central Islip, New York

---

[2] Defendants, in their motion to dismiss, request sanctions. As a threshold matter, the sanctions motion is procedurally defective because it fails to comply with Rule 11. In any event, the Court denies the motion for sanctions. At this juncture, there is no basis to conclude that *pro se* plaintiffs have brought this action in bad faith or have engaged in any conduct that would warrant sanctions.