UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

TZVEE WOOD and ANDREA MALESTER,

                Plaintiffs,

                                              **ORDER**

        -against-                                 08-CV-5224 (PKC)

GENERAL MOTORS CORPORATION, *et al.*

                Defendants.

-------------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      On December 29, 2008, *pro se* plaintiffs Tzvee Wood and Andrea Malester ("Plaintiffs") filed the complaint in this action against defendants General Motors Corporation, Hempstead Lincoln-Mercury Motors Corporation, John Billard, Karp Automotive, Inc., Dave Nicholson, Dan Gippert, and John and Jane Does 1-10 (collectively "Defendants").

      On January 7, 2014, the Court denied Plaintiffs' letter motion (Dkt. 71) for an extension of time to serve additional Defendants (the "Order"). On February 6, 2014, Plaintiffs filed a letter motion for reconsideration of the Order (the "Motion"). (Dkt. 73.) Because Plaintiffs' motion is untimely and because they have failed to identify any controlling law or facts that the Court overlooked in its underlying decision, Plaintiffs' Motion is DENIED.

## DISCUSSION

      As an initial matter, the Motion is untimely. Under Local Rule 6.3, motions for reconsideration and memoranda of law in support of such motions must be served "*within fourteen (14) days* after the entry of the Court's determination of the original motion." Local Rule 6.3 (emphasis added). The Order to which Plaintiffs now object was issued on January 7,

1

2014, but Plaintiffs did not make the instant Motion until February 6, 2014, more than two weeks after the underlying Order.

Moreover, even if the Motion had been timely, it would still fail on the merits. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Plaintiffs fail to convincingly cite to controlling law that this Court "overlooked" in the Order.

Federal Rule of Civil Procedure 4(m) governs extensions of the time frame in which service of process may be effected. *See also Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). Under Rule 4(m):

> "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice ... or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Here, Plaintiffs filed their Amended Complaint (Dkt. 59) on January 18, 2011, which Judge Bianco, then presiding, accepted on that same day. However, Plaintiffs never served the newly added Defendants named in their Amended Complaint. On January 5, 2012, Plaintiffs participated in a pre-motion conference with Judge Bianco and requested the case be stayed until July 6, 2012. (Dkt. 63.) Judge Bianco granted the request. (*Id.*) The case went dormant thereafter.[1] On October 31, 2013, given the long period of inactivity in this case, the Court scheduled a status conference, which it held on November 12, 2013 (the "Conference").

At the Conference, the Court raised its concern that all of the parties named in the Amended Complaint had not yet been served. (Conf. Tr. at 13.) In response, Mr. Wood

---

[1] The case was reassigned to the undersigned on April 19, 2013.

represented that "the amended complaint is noted as proposed. I don't know if it was ever formally accepted." (*Id.* at 14.) The Court stated that Judge Bianco had accepted the Amended Complaint "even though it was filed late," but acknowledged Mr. Wood's representation that Plaintiffs were never notified, primarily because there was no docket entry noting that Judge Bianco's order had been mailed to Plaintiffs back in January of 2011. (*Id.* at 13, 18-19.)

In considering whether to grant the Plaintiffs an extension of time to serve, the Court weighed two points. On the one hand, the existence of activity in the case, including conferences with the court, after Judge Bianco accepted the Amended Complaint indicated Plaintiffs were, or at least should have been, aware that the Amended Complaint was operative. (*Id.* at 19-21.) On the other, because the Defendants proposed filing their motions to dismiss the Amended Complaint at the end of December 2013, they would not be prejudiced if Plaintiffs were given an opportunity to serve additional defendants before that time. (*Id.* at 19-22.) Specifically on that basis, the Court excused Plaintiffs' failure to file within the time frame set out by Rule 4, and gave Plaintiffs until December 31, 2013 to serve any additional parties. (*Id.* at 22) (*see* Fed. R. Civ. P. 4(m) (noting that, where service is not timely effected, the Court "may direct that serve be effected within a specified time."))

Plaintiffs then failed to serve any additional parties by the extended deadline, December 31, 2013. On January 6, 2014, Plaintiffs moved for an extension of the Court extended deadline, arguing:

> "Fed.R.Civ.P. Rule 4 allows for waiver 'to avoid unnecessary expenses of the serving the summons.' Fed.R.Civ.P. 4(d)(f) requires that 'a defendant [be given] a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return waiver. As there are foreign corporations named in the Proposed Amended Complaint, the December 31, 2013 deadline was too short. Unfortunately, Plaintiffs failed to consider this nuance when this date was proposed." (Dkt. 71 at 1.)

3

On January 7, 2014, the Court denied Plaintiffs' motion "[g]iven the history of delay in this case, and the fact that Plaintiffs have already been granted an extension of time to serve by this Court." (ECF Order dated 01/07/2014.) Moreover, the Court viewed as inapposite Plaintiffs citation to Rule 4 because "Plaintiffs' service deadline was extended by order of this Court, as the original deadline pursuant to Rule 4 had already expired." (*Id.*) Likewise, Plaintiffs could not avail themselves of Rule 4(d)(f), as allowing proposed defendants 60 days to waive service would have taken Plaintiffs beyond the Court-ordered deadline. (*Id.*)

On February 6, 2014, Plaintiffs moved for reconsideration of the Order, arguing, it appears, that they are entitled to additional time to serve, including the 60-day waiver period provided under Rule 4(d)(f). (Dkt. 73 at 1-2.) As Plaintiffs may have misunderstood the Court's Order, the Court takes this opportunity to clarify. The 120-day period provided for by Rule 4 expired in May 2011, 120 days after the Court accepted Plaintiffs' Amended Complaint on January 18, 2011. Because the record was ambiguous regarding whether Plaintiffs received notice that Judge Bianco had accepted the Amended Complaint, this Court granted Plaintiffs an extension of approximately 46 days to serve additional defendants. However, Plaintiffs were not entitled to another 120-day service period from the date of the Conference because Plaintiffs knew or should have known that their Amended Complaint had been accepted in 2012 based on Plaintiffs interactions with Defendants and the court—all of which took place under the assumption that the Amended Complaint had been accepted.

Having missed the original 120-day period, the only applicable service deadline was the one set by the Court, December 31, 2013. In the Order, the Court noted that "Rule 4(d)(f) cited by Defendant relates to the timeframe within which a defendant may respond to a waiver request, not the one in which Plaintiff must serve," merely to highlight the fact that Plaintiffs were no

4

longer entitled to the luxury of waiting 60 days to see if potential defendants would waive service. (*See* ECF Order dated 01/07/2014.) As the Order noted, "[m]issing from Plaintiffs' letter requesting an additional extension is a representation that Plaintiffs have made progress, or even attempts, toward serving the foreign or other U.S. defendants." (*Id.*) Importantly, also missing was a representation that Plaintiffs *had even requested* that the defendants named in the Amended Complaint waive service. Plaintiffs' failure to take *any* action to effect service was—and is—conduct consistent with "the history of delay in this case." (*Id.*) Given Plaintiffs history of inaction, including after receiving an extension, Plaintiffs cannot now claim that they have been given too little time to serve all necessary parties.[2]

## CONCLUSION

Accordingly, Plaintiffs' request motion for reconsideration is DENIED.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: March 11, 2014
      Brooklyn, New York

---

[2] To the extent Plaintiffs argue that the Court should have granted a 120 day-extension from the date of the Conference, the Court disagrees. As discussed, Plaintiffs knew or should have known, based on their interactions with the court and Defendants, that the Amended Complaint had been accepted. However, the Court, in its discretion, and in accordance with Rule 4(m), granted Plaintiffs an extension and "direct[ed] that service be effected within a specified time"—December 31, 2013. Plaintiffs failed to meet that deadline.